---

## Case No. 8,296.

### In re LEVY et al.

[1 Ben. 496;[1] Bankr. Reg. Supp. 30; 1 N. B. R. 136; 6 Int. Rev. Rec. 163.]

District Court, S. D. New York. Oct. 30, 1867.

EXAMINATION OF BANKRUPT—ISSUES OF LAW AND REGISTER'S CERTIFICATES.

1. Under section twenty-six of the bankruptcy act [of 1867 (14 Stat. 529)], and general order No. 10, a bankrupt is to be examined and cross-examined like any other witness.

2. The exclusion by a register of a question in an examination before him, which is objected to, is not raising an issue of law within section four of the bankruptcy act, nor does objecting to the question raise such an issue of law.

3. A register has no right to pass upon the competency, materiality, or relevancy of a question. [Followed in Re Bond, Case No. 1,618. Cited in Re Graves, 24 Fed. 552.]

4. The practice in taking depositions before a register is the established practice in examinations before an examiner in chancery.

5. When a register adjourns a question into court under section four of the act, it is not necessary to adjourn further proceedings in the matter until the question shall be decided by the judge. [Cited in Re Heller, Case No. 6,339; Re Blaisdell, Id. 1,488.]

6. As to the interpretation of the provision in section six of the act with reference to certificates —quere.

7. A certificate by a register stating a question objected to, and that he excluded the question, is not a "special case" under section six.

[This was a proceeding in bankruptcy against Samuel M. Levy and Mark Levy. It was formerly heard upon the certificate of the register as to his practice in receiving and certifying objections. Case No. 8,298. Again upon the question whether or not notice of time and place of examination of witnesses as to bankrupt's property should be given bankrupt. Case No. 8,295.]

In this case, on the examination of one of the bankrupts, the creditors and the assignee put the following question to him: "Have you acquired any property since you filed your petition, or since you were declared a bankrupt?" This question was objected to by the bankrupts, and the register sustained the objection, and excluded the question. Thereupon the creditors and the assignee excepted to the decision, and desired that it should be certified to the court for decision. The register stated his reason for excluding the question to be, that he is of opinion that, under the bankruptcy act, the assignee takes all the property acquired by a voluntary bankrupt up to the day on which the register signs the order, form No. 5, declaring and adjudging him to be a bankrupt.

When the creditors and the assignee had concluded the examination of the bankrupt, the counsel for the bankrupt proposed to cross-examine the bankrupt, and asked for an adjournment. The creditors and the assignee objected to such cross-examination, on the ground that the counsel for the bankrupt had no right to cross-examine him; that the right of the bankrupt was limited to explaining by affidavit, under general order No. 33, any answers given by him; that his attention might be called by his counsel to any answer given by him, and he might be asked if he had any explanation to make; that his petition and schedules were his direct examination, and his examination by creditors was a cross-examination; and that he was his own witness and not a witness called by the creditors. The reply on the part of the bankrupt to these views was, that the most proper and convenient mode of calling the bankrupt's attention to any erroneous statement he might have made during his examination was by questions put by his counsel in the way of cross-examination; that in this way he was afforded an opportunity of correcting or explaining statements made by him; that, under

---

[3] [From 1 N. B. R. 107.]

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

general order No. 33, he might correct his statements under oath, but was not confined to doing so in the form of an affidavit; that the particular way of doing so was in the discretion of the court; and that the examination of the bankrupt by a creditor, was not a cross-examination, especially as to any new matter inquired of, not contained in the petition and schedules, and particularly as regarded his copetitioner, the defeating of whose discharge, as well as that of the bankrupt examined, was alleged to be aimed at by questions propounded on the examination. The register certified both of the questions to the court, for its decision.

BLATCHFORD, District Judge. I shall consider the last question first. Under section twenty-six of the bankruptcy act and general order No. 10, I think that the bankrupt is to be examined and cross-examined like any other witness. Section twenty-six, after providing that the bankrupt may be required to attend and submit to an examination on oath, says, that "the court may, in like manner, require the attendance of any other person as a witness," and that, "for good cause shown, the wife of any bankrupt may be required to attend before the court, to the end that she may be examined as a witness." Form No. 45 is prescribed as a form to be used indifferently as an order for the examination either of the bankrupt or of his wife. Form No. 46 is prescribed as a form to be used as a caption to the examination of the bankrupt or of any witness. Form No. 47 is prescribed as a form of oath to be taken, on such examination, by the bankrupt or his wife. General order No. 10 provides for the manner of conducting the examination of witnesses before a register, and says, that "the witnesses shall be subject to examination and cross-examination, which shall be had in conformity with the mode adopted in courts of law." It then prescribes that the depositions shall be taken in narrative form, except in special cases, and shall be read over to the witness and signed in the presence of the register. It then provides, that "any question or questions which shall be objected to shall be noted by the register upon the depositions, but he shall not have the power to decide on the competency, materiality, or relevancy of the question, and the court shall have power to deal with the costs of incompetent, immaterial, or irrelevant depositions, or parts of them, as may be just." Now, if general order No. 10 does not apply to the examination of the bankrupt, then there is no general order that does apply to his examination, and it is left to be regulated merely by the statute. If the bankrupt is to be regarded as a witness, then general order No. 10 does apply to him, and expressly provides that he shall be subject to examination and cross-examination. That general order speaks of the testimony given on the examination of witnesses as "depositions." Section 47 of the act, in its list

of fees to registers, says: "For taking depositions, the fees now allowed by law." The only fees allowed by law for taking depositions are those prescribed by the act of February 26, 1853 (10 Stat. 167), as fees to commissioners for taking and certifying the depositions of witnesses. So that, unless the bankrupt is to be regarded as a witness, and unless his deposition is the deposition of a witness, no fee is given for taking his deposition. Everything in the act and in the general orders tends to the conclusion, that congress and the framers of the general orders intended that, at least so far as the manner of examining the bankrupt and taking his deposition is concerned, the proceeding should be conducted like the examination of any other witness, and the bankrupt be examined by direct and cross-examination. Whether, so far as the effect of his testimony is concerned, the bankrupt is to be considered as a witness called by the creditor or the assignee, or as a witness for himself under cross-examination by the creditor or the assignee, or not at all as a witness, but as a bankrupt under examination under the special authority of section twenty-six of the act, is another and a different question, and one which will be disposed of when it is properly raised.

There is nothing in general order No. 33 that conflicts with this view. When the examination and cross-examination of the bankrupt before the register are completed, and the deposition is signed by him and filed as required by section twenty-six, the whole document is "his examination;" and general order No. 33, in saying that, "in like manner, he may correct any statement made during the course of his examination," means, that he shall have, in regard to statements made by him during the course of his examination, the same opportunity of correcting those statements that he has of supplying omissions in the schedules to his petition. This latter right is expressly given to him by section 26, which says, that he shall "be at liberty, from time to time, upon oath, to amend and correct his schedule of creditors and property, so that the same shall conform to the facts." The facts and the truth are what the law aims at, and the bankrupt is not to suffer because he has made an honest mistake in his schedules. Therefore, general order No. 7 provides, that "the court may allow amendments to be made in the petition and schedules, upon the application of the petitioner, upon proper cause shown, at any time prior to the discharge of the bankrupt;" and general order No. 33 provides that, "in making any application for amendment to the schedules, the debtor shall state, under oath, the substance of the matters proposed to be included in the amendment, and the reasons why the same had not been incorporated in his schedules as originally filed or as previously amended." So, also, by general order No. 33, with a view to the ascertainment of the truth, and in order that the bankrupt

may relieve himself from the imputation of having willfully sworn falsely in his examination in relation to any material fact, which charge is made a ground, by section twenty-nine, for withholding his discharge, he is permitted, on stating under oath the substance of the correction he desires to make, and the reason why it was not stated during his examination, to correct any statement made during the course of his examination, on making a proper application to the court for leave to make such correction. That is the meaning of the words "in like manner," in general order No. 33, and that, and nothing else, is the purport and scope of that order, so far as it relates to the bankrupt's examination.

The question thus decided was properly certified as an issue of law, under section four of the act. But the other question certified is not an issue of fact or of law which can be certified under section four. The question certified is, whether the question put to the bankrupt—"Have you acquired any property since you filed your petition, or since you were declared a bankrupt?"—was a proper question. The question certified is certainly not an issue of fact, and there are several reasons why it is not an issue of law.

(1) The certificate of the register merely states that the question was objected to by the bankrupt, and that the register sustained the objection, and excluded the question. This is not raising an issue of law, within section four. The ground of objection to every question objected to should be stated, otherwise, no point, or question, or issue in regard to it, is presented or raised.

(2) By general order No. 10, the register had no right to decide on the competency, materiality, or relevancy of the question. He is required, by that order, to note the objection upon the deposition—that is, not merely the fact of objection, but the ground of objection; and, if no ground of objection is assigned, he is not bound to note the fact of objection; and the ground of objection must be directed to the competency, materiality or relevancy of the question. But he is not allowed to make any decision thereon. Therefore, no issue of law can be raised on his decision, nor can the propriety of such decision be certified as an issue of law, under section four. The question, therefore, whether the register was right in sustaining the objection to the question, and in excluding it, is not properly certified as an issue of law, under section four.

(3) Under general order No. 10, a question put to a bankrupt or other witness, on an examination before a register, and objected to in proper form, does not raise a question or issue of law which can be adjourned into court, under section four, for decision by the judge. The manifest intention of that order is, that, when a question is objected to, the question and the fact and grounds of objection shall be taken down by the register, and that the question, although incompetent, immaterial or irrelevant, shall be answered, and

that, when the deposition is closed, the court shall deal with it as a whole, and then pass upon the question as to what parts of it are incompetent, immaterial or irrelevant, and impose costs, in its discretion, upon the party who caused the taking of the parts which ought not to have been taken. The language of the order is: "Any question or questions which may be objected to, shall be noted by the register upon the deposition, but he shall not have power to decide on the competency, materiality or relevancy of the question; and the court shall have power to deal with the costs of incompetent, immaterial or irrelevant depositions as may be just." Now, inasmuch as, by section four, it is made the duty of the register to adjourn into court, for decision by the judge, any question or issue of fact or of law that is raised and contested by any party in the course of the proceedings, if the making of an objection to a question put to a witness, in the course of his examination, raises an issue of law, which the register is obliged to adjourn into court, under section four, so that it may be decided by the judge, there will be left on the record of the examination no questions objected to and undisposed of, and no objections noted and undecided by the court, and there can be no incompetent, immaterial or irrelevant depositions or parts of depositions to be dealt with in regard to costs; every objection will be adjourned into court as an issue of law, and disposed of as it arises, and no incompetent, immaterial or irrelevant answer or testimony will be found in the record, for, the court will already either have excluded the answer to the question objected to, by deciding the question to be incompetent, immaterial or irrelevant, or else have admitted the testimony as competent, material and relevant. For the good sense of general order No. 10 is, that it extends not only to objections to questions, but also to objections to answers and testimony, on the grounds of competency, materiality and relevancy, and that neither question, nor answer, nor testimony, is to be ultimately held to be incompetent, immaterial or irrelevant, unless objected to on the record for some ground of incompetency, immateriality or irrelevancy stated on the record. The practice thus prescribed for taking depositions, where the officer taking them notes the objections made to questions and answers, but has no power to decide on the competency, materiality or relevancy of any question or answer, is the established practice in examinations before an examiner in chancery, and in some other examinations; and no practical difficulty or embarrassment is experienced in the working of such a system. Although the meaning of the provision of section four of the act, that the register shall adjourn the question or issue into court for decision by the judge, is not that he shall necessarily adjourn the further proceedings in the matter until the question or issue raised and contested shall be decided by the

judge (general order No. 11, providing that the pendency of an issue undecided before a judge shall not necessarily suspend or delay other proceedings before the register in the case, and the word adjourn in the section having the signification merely of the word certify, or transmit) yet I am satisfied that, to hold that every objection to a question put on an examination of the bankrupt, or of any other witness, before a register, raises a question or issue of law, which, under section four of the act, must be certified to the court for decision as soon as it arises, would soon break down, not only the system, but the court. For, although the pendency of the issue undecided before the judge would not, under general order No. 11, necessarily suspend or delay other proceedings before the register in the case, and although the examination of the bankrupt or other witness might proceed in respect to questions or answers not objected to, yet it could hardly be pretended that, under such a system, it would be proper to close the examination until the decision of the court had been had upon all the questions and issues thus raised. This would open the door to a protraction of the examination and of the case until human patience would be wearied out, and the bankruptcy system would be valueless alike to creditor and debtor, to say nothing of the increased expense caused to both. In regard to the hardship urged, of obliging the bankrupt or other witness to disclose, under irrelevant, immaterial, incompetent, inquisitorial, and other questions, the offspring of a mere itching and prurient curiosity, things which he ought to be protected from being compelled to answer, the same hardship exists in regard to the examinations before an examiner in chancery, and the other kindred examinations before referred to. And the bankrupt or other witness always has it in his power, in a clear case of abuse, to refuse, under the advice and responsibility of his counsel, to answer a question. Then, on an application to punish the party for a contempt, which must come before the court, and which the register has, under section four of the act, no power to entertain, the whole question as to the competency, relevancy and materiality of the question will come before the court, in a proper way, for adjudication. Responsible counsel will not advise a party to refuse to answer a question, except in a reasonably clear case of abuse, and a party will not be likely to run the hazard of a contempt of court, in refusing to answer a question, unless advised by counsel to refuse. In this way, real and substantial questions alone will come before the court for adjudication, whereas, under the facility with which an objection can be made to a question or answer, and the irresponsibility for making it, except as regards the mere penalty of costs, the court would probably find itself able to do little other business than to dispose of objections to single questions and answers, one

at a time, certified by registers, on examinations before them.

For these reasons, I am satisfied that a question put to a bankrupt or other witness, on an examination before a register, or an answer given by him, even though objected to in proper form, does not raise a question or issue of law which can be adjourned into court, under section four of the act, for decision by the judge. Inasmuch as the first question certified in this case by the register is not properly adjournable into court for decision by the judge, under section four, it remains to be considered whether it is properly before the court under section six of the act.

Section six provides for two modes of bringing a question before the court. The first mode provided is, that "any party shall, during the proceedings before a register, be at liberty to take the opinion of the district judge upon any point or matter arising in the course of such proceedings, or upon the result of such proceedings, which shall be stated by the register in the shape of a short certificate to the judge, who shall sign the same if he approve thereof, and such certificate so signed shall be binding on all the parties to the proceeding; but every such certificate may be discharged or varied by the judge, at chambers or in open court." This provision is very difficult of satisfactory interpretation, and of practical execution. It is not stated what the judge shall do if he does not approve "thereof," and it is only the certificate to be signed by the judge, if he does approve "thereof," which is made binding on all the parties to the proceeding. The opinion of the judge, so to be taken, is not declared to be binding on the parties, unless the judge approves of and signs the certificate. In the present case, in regard to the first question so certified, I am of opinion that the question put to the witness, and excluded by the register, was not a proper question to be put, but I am also of opinion that the register had no power to decide on the competency, materiality or relevancy of the question, and was, therefore, wrong in excluding it; and I am also of opinion that the view of the register, that, under the bankruptcy act, the assignee takes all the property acquired by a voluntary bankrupt up to the day on which the register signs the order, form No. 5, declaring and adjudging him to be a bankrupt, is not a correct view; and I am also of opinion that the reasons given by the register, in his certificate, for holding that the objection to the question put was a good objection, are not sound. I, therefore, cannot say that I approve the certificate, within the language of section six. My opinion upon the point or matter on which my opinion is desired by the certificate, has been given, but of what avail it is, or how far it is binding on the parties, under section six of the act, is something I am not now called on to decide.

Judge Hall, of the Northern district of New York, has made a rule of his court (rule 24)

in regard to this certificate under section six, as follows: "In every certificate made by a register, stating any case, point or matter for the opinion of the district judge, under the fourth or sixth section of the bankrupt act, according to form No. 50, established by the general orders in bankruptcy, the fact, agreed upon by the parties to the controversy, shall be clearly and fully stated, with reasonable certainty of time and place; and this shall be followed by a brief statement of the claim made, or position assumed, by each of the parties to the controversy. The register shall then add thereto such proposed order, adjudication or decision as in his judgment ought to be made, and which shall be in such form that the district judge may signify his approval thereof by his signature. The register shall then afford to each of the opposing parties, or their attorneys, a reasonable opportunity to consent, in writing, to the register's decision thereon. The court will, on the approval and confirmation of such decision by the register, make such order for costs, against any party declining to assent thereto, as may be deemed proper. In case all parties to such controversy shall assent to such adjudication or decision of the register, he shall file the same, and proceed with the case upon the basis thereof, as though such controversy had not arisen." This rule seems to imply that Judge Hall regards the opinion of the district judge, in respect to any case, point or matter stated in the certificate of a register, under either the fourth or the sixth section of the act, as to be given solely by his approving or disapproving the proposed order, adjudication or decision, which is to be added by the register to the certificate, his approval being signified by his signing the proposed order, adjudication or decision, and his disapproval being signified by his withholding the signature.

The second form, under section six, in which the opinion of the court can be obtained upon a question arising in the course of the proceedings, is, by a special case, stated by the parties by consent, and signed by them or their attorneys, and, when it presents an issue raised before the register in any proceedings, certified by the register, under general order No. 11. The present certificate is not one of such a special case.

The question intended to be raised by the certificate, in this case, and which is discussed by the register, as to the time when the line is to be drawn between property which does and property which does not pass to the assignee in bankruptcy, is one of paramount importance, and is fully considered and disposed of by me in my decision in Re Patterson [Case No. 10,814], made herewith.

[This case was subsequently heard upon the question as to whether the attorney for creditors could act as counsel for assignee. Case No. 8,299. It was again heard upon the question whether a creditor who has not filed his claim may file objections against the bankrupt's discharge. Case No. 8,297.]